IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| SONIX TECHNOLOGY CO., LTD | § | |
| --- | --- | --- |
| | § | |
| v. | § | NO. 6:10-CV-68 |
| | § | |
| VTECH ELECTRONICS NORTH AMERICA, LLC AND VTECH HOLDINGS, LTD. | § § § | |

## MEMORANDUM OPINION & ORDER

Before the Court is VTech Electronics North America, LLC ("VTech NA") and VTech Holdings Ltd. ("VTech Holdings") (collectively "VTech") motion to transfer this litigation to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). (Doc. No. 16, "MOTION"). Plaintiff Sonix Technology Co., Ltd. ("Sonix") opposes the motion. The matter is fully briefed. (Doc. Nos. 24, "OPP.," 31, "REPLY," 36, "SUR-REPLY," 61 "DEF. SUPP.," 66 "PL'S SUPP."). Having considered the parties submissions, the Court finds the Northern District of Illinois is clearly more convenient under the Federal Circuit's interpretation of Fifth Circuit law. The Court **GRANTS** Defendants' motion to transfer.

## LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the

1

court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.,* 144 F.Supp.2d 673, 676 (E.D.Tex.2001); *Mohamed v. Mazda Corp.,* 90 F.Supp.2d 757, 768 (E.D.Tex.2000). The party seeking transfer of venue must show good cause for the transfer. *In re Volkswagen of America, Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen I*"). To show good cause, the movant must demonstrate the proposed transferee venue is clearly more convenient. *Id.*

The Fifth Circuit has adopted the *Gilbert* factors, *see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947), for determining § 1404(a) venue transfer questions. *Id.* at 315 n.9. When deciding whether to transfer venue, a district court balances two categories of interests: the private interests, *i.e.*, the convenience of the litigants, and the public interests in the fair and efficient administration of justice. *Id.* The private interest factors weighed by the court include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interest factors include: "(1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* This list is not exhaustive nor is any single factor dispositive. *Id.*

**DISCUSSION**

VTech Holdings is a Bermuda corporation with its principal place of business in China. MOTION at 2. VTech Holdings concedes that it does not have any offices, facilities, distribution facilities or employees in the United States. *Id.* Sonix is incorporated in and has its principal place of business in Taiwan. *Id.* Sonix does not represent that it has any operations or employees within

2

the United States. *Id.* The sole named inventor of the patent-in-suit is a citizen of Taiwan and resides in Taipei, Taiwan. *Id.* VTech NA is the only party with a presence in the United States, where it maintains small offices and/or has a few employees in Illinois, Washington and Arkansas. *Id.* at 2; Doc. No. 16-8, Declaration of William To at ¶ 7. VTech NA sells and markets the accused product to customers throughout the United States.

The first question a court must address when ruling on a motion to transfer venue under 28 U.S.C. § 1404 is whether the suit could have been filed originally in the destination venue. There is no question VTech NA is subject to jurisdiction in the Northern District of Illinois. MOTION at 4. VTech Holdings originally represented that it had no connections to the United States, but "consented" to jurisdiction in Northern District of Illinois. *Id.* The Court declined to rely on VTech Holdings consent to personal jurisdiction and ordered supplemental briefing regarding this issue because a party moving to transfer venue must make a *prima facie* showing that the transferee court would have personal jurisdiction over the party. (Doc. No. 55); *see U.S. Ethernet Innovations, LLC v. Acer, Inc.,* 2010 WL 2771842 at *4 (E.D. Tex. July 13, 2010) (citing *Chirife v. St. Jude Medical Inc.*, 2009 WL 168563 at *3 (E.D. Tex. June 16, 2009)); *see also Balthasar Online, Inc. v. Network Solutions, LLC*, 654 F.Supp.2d 546, 551 (E.D. Tex. 2009).

Subsequently, VTech Holdings filed a supplemental brief demonstrating that it is subject to personal jurisdiction in the Northern District of Illinois because it has availed itself of the protections and privileges of the laws of Illinois. DEF. SUPP. at 1. VTech Holdings' activities within the Northern District of Illinois include (1) establishing, investing, regularly visiting and continually overseeing its subsidiary, VTech NA, located within the Northern District of Illinois, (2) authorizing VTech NA to use VTech Holdings "vtech" trademark on the accused products which are sold

3

throughout the United States, (3) directing visitors of VTech Holdings' website to VTech NA's website and office in Illinois, and (4) filing lawsuits and entering into contracts under Illinois law. *Id.* at 1-5. Sonix does not contest that VTech Holdings is subject to personal jurisdiction in Illinois. PL'S SUPP. at 1. As such, the Court finds that this case could have been brought in the Northern District of Illinois.

As an initial matter, the Court notes that none of the parties in this litigation have any connection to the Eastern District of Texas. In fact, Sonix does not have any connection to the United States. Sonix does not have offices, employees, documents or witnesses in the United States. Moreover, the inventor of the patent-in-suit does not reside in the United States. Accordingly, with regard to Sonix and the inventor, the Northern District of Illinois is no more convenient than this District because all relevant evidence and witnesses will be required to travel from Taiwan to the United States.

VTech NA's principal place of business is in Arlington Heights, Illinois, where it maintains documents regarding, and has employee(s) responsible for, sales, marketing and distribution of the accused product throughout the United States.[1] Otherwise, there are no

---

[1] Sonix contends that VTech NA has not been forthcoming regarding how many people VTech NA employs in Illinois and whether any relevant witnesses and/or documents regarding the design of the accused product reside in Illinois. OPP. at 5-8; SUR-REPLY at 3-5. Indeed, VTech NA relies on an employee declaration which states that VTech NA employees and documents in Illinois are related to the "sales, marketing, and distribution" of the accused product. Doc. No. 16-8 at ¶¶ 6, 8. Documents related to, and employees involved in, the design of the accused product would be highly relevant to the merits of a patent infringement suit, and there appears to be some question regarding whether any such documents and/or employees reside within Illinois or the United States. The Court is faced, yet again, with wading through the parties' subtle omissions and suspect representations at an early stage in the case to test the parties' truthfulness and attempts at manipulation. Absent extensive and costly discovery and evidentiary hearings, which may become increasingly necessary, the Court must nonetheless attempt to ensure that venue laws are not frustrated by attempts at manipulation. *See Miller & Lux, Inc. v. East Side Canal & Irrigation Co.*, 211 U.S. 293 (1895); *see also Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327 (1895); *Morris v. Gilmer*, 129 U.S. 315, 328 (1889); *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1195 (2010). The facts of this case are not so suspect as to require such extreme measures. However, the Court can envision a hypothetical case where a foreign corporate defendant, which sells products within the U.S., maintains an "ephemeral" (*In re Zimmer*, 609 F.3d 1378, 1381(Fed. Cir. 2010)) connection to a particular judicial district for business purposes, *e.g.*

documents or employee witnesses relevant to this litigation in the United States. Accordingly, the access to sources of proof and the convenience of witnesses factors favor transfer.

Neither party has indicated that there are any unwilling witnesses in this case, so the availability of compulsory process is not applicable here.

None of the parties or party witnesses have ties to this district. On the other hand, VTech NA has an Illinois office which was purportedly involved in the marketing, distribution and sales of the accused product. Under the principles set forth in *In re Hoffman-La Roche, Inc.*, 587 F.3d 1333 (Fed. Cir. 2009), the Northern District of Illinois has an interest in this litigation given VTech NA's presence within the district.

The median time interval to disposition of a civil case and time to trial is negligibly different. Thus, this factor is neutral.

To the extent that this case is a patent case, both this Court and the Northern District of Illinois are equally capable of applying patent law. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). Thus, this factor is neutral with regard to transfer to either district. Moreover, as in most patent cases, the avoidance of unnecessary problems of conflict of laws factor is neutral.

## CONCLUSION

Weighing both the public and private interest factors, and particularly the fact that none

---

tax benefits, or perhaps to ensure that it will be sued in what it perceives to be a " favorable" district. Under current Federal Circuit interpretation of Fifth Circuit law, although said defendant sells products within the Fifth Circuit, such a defendant would apparently be immune from suit within the Fifth Circuit from so-called "ephemeral" entities which have incorporated within a state in this Circuit. In such a situation, is the question which entity's connection to a particular district is less ephemeral? Without discovery and an evidentiary hearing, the Court questions how such a determination would be made. If discovery and a hearing were conducted, the Court questions whether such a result was contemplated by Congress in enacting, or the Fifth Circuit in interpreting, section 1404.

of the parties have a connection to the Eastern District of Texas, the Court concludes that Defendants' has satisfied their burden under 28 U.S.C. § 1404(a) that the Northern District of Illinois is "clearly more convenient." *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 314 (5th Cir. 2008). Defendants' Motion to Transfer is **GRANTED**. All other pending motions in this case should be handled by the transferee court.

**So ORDERED and SIGNED this 9th day of December, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE